

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| Mary Setzer<br>Assistant United States Attorney<br>Mary.Setzer@usdoj.gov<br>*/s/* 10.02.21 | Suite 400<br>36 S. Charles Street<br>Baltimore, MD 21201-3119 | DIRECT: 410-209-4803<br>MAIN: 410-209-4800<br>FAX: 410-962-3091 |

October 4, 2021

Larry Nathans, Esq.
Nathans & Biddle, LLP
120 East Baltimore Street
Suite 1800
Baltimore, Maryland 21202

    Re:    *United States v. Brendan Kavanaugh*
           Criminal No. SAG-20-0429

Dear Counsel:

    This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, **Brendan Francis Kavanaugh** (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **October 15, 2021** [22], it will be deemed withdrawn. The terms of the Agreement are as follows:

Offense of Conviction

    1.    The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the dates alleged in the Indictment, in the District of Maryland:

Rev. August 2018

      a.     The Defendant knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code § 2256(8);

      b.     Such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer;

      c.     The Defendant knew that such items constituted child pornography; and

      d.     The visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

## Penalties

3.     The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2252A(a)(5)(B) | n/a | 20 years | At least five years, up to life | $250,000 | $5,100 |

      a.     Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

      b.     Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259(b)(2), which dictates mandatory restitution of no less than $3,000.00 for victims of child exploitation.

      d.     Special Assessments: In addition to the mandatory $100 special assessment pursuant to 18 U.S.C. § 3013, the Defendant must also pay additional special assessments of $5,000 and up to $17,000, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014 and 2259A, respectively.

e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

g. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

h. Sex Offender Registration: The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crime to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity

to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.

Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

   a. This Office and the Defendant further agree that the applicable base offense level, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(a)(1), is **18**.

   b. This Office and the Defendant further agree that there is a **2**-level increase, because prepubescent minors were depicted in the images possessed by the Defendant, pursuant to U.S.S.G. § 2G2.2(b)(2).

   c. This Office and the Defendant further agree that there is a **4**-level increase because the Defendant possessed material that portrays minors involved in sadistic or masochistic conduct, pursuant to U.S.S.G. § 2G2.2(b)(4)(A), and he also possessed material involving the sexual abuse of a toddler, pursuant to U.S.S.G. § 2G2.2(b)(4)(B).

   d. This Office and the Defendant further agree that there is a **2**-level increase, because the offense involved the use of a computer, pursuant to U.S.S.G. § 2G2.2(b)(6).

   e. This Office and the Defendant further agree that there is a **5**-level increase, because the Defendant possessed more than 600 visual depictions of children and minors being exploited, pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

   f. Thus, the adjusted offense level is **31**.

   g. **Acceptance of Responsibility:** This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon

the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1** level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

        h.      Thus, the final adjusted offense level is **28.**

    7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

    8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11(c)(1)(C) Plea

    9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **Eighty-Four (84) months of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior [between now and the date of sentencing,] and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea. *LAN*

## Waiver of Appeal

10. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

   i. The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

   c. The Defendant further waives any right under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned case and agrees not to file any request for documents from this Office or any investigating agency related to this criminal prosecution. The Defendant does not waive the Defendant's rights under FOIA to request documentation related to the Defendant's civil immigration proceedings, including immigration history, status, civil adjudications, etc., from the Department of Homeland Security or from the Executive Office for Immigration Review, or from any other agency dealing in matters related to civil immigration.

## Forfeiture

11. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

12. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of

the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including:

    a. Western Digital My Passport Ultra External HD, S/N: WXF1A66DUYEE.

13. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

15. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

Abandonment

16. The Defendant knowingly and voluntarily waives any right, title, and interest in the following property seized from the Defendant on February 17, 2021:

    a. Sandisk Ultra 8GB SD Card
    b. Sandisk Ultra II 512MB SD Card & Sandisk Ultra II 1.0GB Storage Device
    c. Black Apple iPhone Model A1533
    d. Pink Apple iPhone Model A1778
    e. Sandisk CompactFlash Ultra II 2.0GB
    f. Lexar Professional 300X 8G Storage Device
    g. Blue Dane-Elec 2GB SD Card in Nikon Case
    h. Black & Orange Geek Squad 512MB USB drive
    i. Sandisk Cruzer Black Micro 2.0GB USB drive
    j. Two Black & Red Centon Datastick Sport USB drives
    k. Blue USB drive

l. Black Geek Squad 512MB USB drive
m. Green USB drive
n. Gray & Red Zerodowntime 1GB USB drive
o. Black Cruzer Glide 32GB USB drive & One Red USB Drive
p. Blue Dane-Elec 2GB SD Card
q. SimpleTech Compact Flash Storage Device
r. Black HP 16GB USB
s. Black Cruzer Glide 16GB USB
t. Black Seagate Hard Drive, S/N: NA77QDM3
u. Black Toshiba Hard Drive, S/N: 92F6SZCUSSX3, with cord
v. Black iPhone 11 Model MWJ02LL/A, S/N: C6KD2MYAN72Q
w. ~~Black WD My Passport Hard Drive, S/N: WXD1A67D42LU~~ MWS hp
x. ~~Gigastone 128GB USB~~ MWS LM
y. HP Silver Laptop, S/N: 8CG7330118, with charger

and the following property seized from the Defendant's residence in Fort Meade, Maryland on October 28, 2020:

z. ~~GRAY IPOD~~ MWS LM
aa. ~~BLUE IPOD~~ MWS LM
bb. ~~AMAZON FIRE Device with CASE~~ MWS LM
cc. ~~MY PASSPORT ULTRA, S/N: WX91A94F92DE~~ MWS LM
dd. DEFENDANT'S CELL PHONE (BLACK) W/ CASE
ee. MY PASSPORT ULTRA (GRAY), S/N: WXE1A15J8V1U
ff. MY PASSPORT ULTRA EXTERNAL HD, S/N: WXF1A66DUYEE
gg. WHITE GIGASTORE THUMB DRIVE (128GB)
hh. MISC HANDWRITTEN NOTES & BROWN ADDRESS BOOK
ii. WD EASYSTORE EXTERNAL HD, S/N: WXV1E593HMUS
jj. 42 CDs / DVDs
kk. 4GB SANDISK SD CARD
ll. BLACK IPHONE & CASE
mm. SANDISK ULTRA II 2GB MEMORY CARD
nn. SANDISK ULTRA II 2GB MEMORY CARD
oo. BLACK HP PAVILION DV7 LAPTOP MAC:4025C2DC1520
pp. BLACK SANDISK THUMBDRIVE
qq. TWO DVDs W/ BLACK INK - "IPHONE" & "EARINGS
rr. DVD W/ 190000-2020042
ss. SEAGATE BLACK HD, S/N: 5LZ7DDX2
tt. SMALL BLACK "CASE LOGIC" CASE W/ CDs / DVDs
uu. LARGE BLACK CASE LOGIC CASE W/ CDs/DVDs
vv. ALIENWARE BLACK LAPTOP W/ CHARGER SERVICE TAG (S/N) 984TTC2
ww. WD MYPASSPORT EXTERNAL HD, S/N: WX31DA805467
xx. WD EASYSTORE EXTERNAL HD, S/N: WXT1E5991VE5

9

yy. GRAY HP PAVILION DV7 LAPTOP MAC:64D4DA2394FB

(the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

17. The Defendant understands that he would have a right to file a claim to the Abandoned Property under 41 C.F.R. § 128-48.102-1 and waives his right to claim the Abandoned Property under 41 C.F.R. § 128-48.503. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

## Restitution

18. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the Defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Additional Special Assessments in Sex Crimes Cases

19. Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act, "JVTA"), because the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must also pay an additional special assessment of **$5,000**, unless the Defendant is indigent.

20. Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5).

### Defendant's Conduct Prior to Sentencing and Breach

21. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Entire Agreement

23. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

*Mary W. Setzer*
Mary W. Setzer
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/19/2021
Date

Brendan Francis Kavanaugh

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/19/2021
Date

Larry Nathans, Esq.

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Brendan Francis Kavanaugh ("Kavanaugh"), born in 1968, was a resident of Fort Meade, Maryland. Kavanaugh was employed as a public affairs specialist contractor with Booz Allen Hamilton USCYBERCOM's Public Affairs Directorate.

In May of 2020, it was discovered that a user operating under the username "HebeMom," later determined to be Kavanaugh, had been communicating with other users on websites on the Tor network which facilitate the sexual exploitation of minors. The Tor network is a computer network available to Internet users that is designed specifically to facilitate anonymous communication over the Internet.

Investigators linked the Tor network activity under the username "HebeMom" to Kavanaugh's residence, and they executed a search warrant at his residence on October 28, 2020. During the search of Kavanaugh's residence, investigators discovered a Western Digital My Passport Ultra External HD, S/N: WXF1A66DUYEE hard drive located within Kavanaugh's bedroom. A forensic analysis of this hard drive revealed that the Kavanaugh possessed approximately 3,674 images of child sexual abuse material, with another 9,296 files of child exploitative/age difficult material. Some of the visual depictions discovered on Kavanaugh's hard drive are described below:

- An image that depicts a prepubescent female. The prepubescent female is wearing a pink dress, pink and white headband and pink stocking. The prepubescent female is sitting on the floor in a room, underneath a large dog and performing oral sex on the dog. (File "1507640112.jpg");

- An image that depicts a prepubescent male laying on a bed covered with black covering. The prepubescent male's head on a white pillow. The prepubescent male is completely naked on his back, with both legs tied with white ropes, and a black ball gag and black strap inserted into the prepubescent male's mouth. (File "1507632198.jpg");

- An image that depicts a prepubescent female laying on a couch being vaginally penetrated by an adult male. The prepubescent female is naked and laying on her back, handcuffed (white and black cuffs) to the front, legs spread wide to the side exposing her vagina, while being anally penetrated by an adult male. (File "Felixxx_115133_IcQ_IMG_1244.jpg");

Rev. August 2018



- An image that depicts a toddler, laying on her back, legs spread. The toddler is naked from the waist down and wearing a yellow long sleeve shirt, while a banana being inserted into her vagina. (File "1785.JPG");

- A video that depicts an adult male naked in a bathtub with a naked child. The video only shows the back of the child, with the adult male penetrating the child from the rear. (File "Nora 4yo & dad-video1.avi").

Kavanaugh was interviewed by FBI investigators on October 28, 2020, during execution of the search warrant at his residence. Kavanaugh admitted that the encrypted hard drive located within his bedroom was his personal hard drive, and he provided the password for drive. He then admitted that he had been visiting the Tor network since 2016 and accessing sites associated with child pornography. Kavanaugh admitting to chatting with individuals on these websites under the username "HebeMom."

Kavanaugh admits that he knowingly possessed visual depictions of child pornography; that the child pornography had been transported in interstate or foreign commerce by any means, including by computer, and that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; he knew the material constituted child pornography and that many of the images he possessed involved prepubescent minors, and minors who had not attained 12 years of age. Kavanaugh also knew that he possessed material that portrays minors involved in sadistic or masochistic conduct.

SO STIPULATED:

*Mary W. Setzer*
Mary W. Setzer
Assistant United States Attorney

10/19/2021
Date

Brendan Francis Kavanaugh
Defendant

10/19/2021
Date

Larry Nathans, Esq.
Counsel for Defendant