

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Mary Setzer*
*Assistant United States Attorney*
*Mary.Setzer@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4803*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

January 24, 2022

The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Brendan Kavanaugh*
      Criminal No. SAG-20-0429

Dear Judge Gallagher:

  On December 2, 2020, the Defendant was Indicted in the United States District Court for the District of Maryland and charged with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  On December 2, 2021, the Defendant entered a plea of Guilty to the sole Count of the Indictment

  The Sentencing hearing in the above-captioned matter is currently scheduled for February 7, 2022, at 10:00 a.m.  As calculated in the Presentence Investigation Report ("PSR"), the Defendant's offense level is 28 and his criminal history category is I, resulting in an advisory U.S.S.G. sentencing range of 78 to 97 months of incarceration.  PSR ¶¶ 30, 34.

  Pursuant to the plea agreement in this case, entered into pursuant to Rule 11(c)(1)(C), the Government requests a sentence of 7 years (84 months) of incarceration, which is within the advisory U.S.S.G. range.  In addition to a period of incarceration, the Government requests a lifetime period of supervised release, restitution in the amount of $128,000, and a special assessment of $5,100.

  The Government submits that its requested sentence is sufficient, but no greater than necessary, to satisfy the purposes set forth in 18 U.S.C. 3553(a).

## I.     18 U.S.C. § 3553(a) Sentencing Factors

The Government's requested sentence of 84 months incarceration is supported by the factors outlined in 18 U.S.C. § 3553(a). First, as to "the nature and circumstances of the offense and the history and characteristics of the defendant;" under 18 U.S.C. § 3553(a)(1), the Government submits that the offense conduct was serious and pervasive.

As indicated in the stipulation of facts, a forensic analysis of the Defendant's hard drive revealed that the Kavanaugh possessed approximately 3,674 images of child sexual abuse material, with another 9,296 files of child exploitative/age difficult material. The Defendant admitted to investigators that he had been visiting the Tor network since 2016 and accessing sites associated with child pornography.

Second, under 18 U.S.C. § 3553(a)(2)(B), there is a need "to afford adequate deterrence to criminal conduct." A sanction needs to be imposed to send a signal to others that regardless of whether you produce or distribute child pornography, if you possess images that depict the sexual abuse of children, further victimizing those children, you will serve a lengthy prison sentence for doing so. Therefore, a sentence of 7 years for possessing material depicting the sexual abuse of children, deters others from doing so.

The "kinds of sentences available" under 18 U.S.C. § 3553(a)(3) also justifies the sentence that the Government seeks. The maximum penalty for the Possession of Child Pornography is 20 years of incarceration.

## II.    Victim Impact and Restitution

The Government will be submitting victim impact statements for several children whose sexual abuse images the Defendant possessed. Images of the children depicted in these series were found on the Defendant's media storage devices. These will be emailed to the Court (with courtesy copies printed and delivered to chambers) as well as to the defense, and Probation Office.

We request that these documents be included in the Pre-Sentence Investigative Report of the defendant as provided in Fed. R. Crim. P. 32(d)(2)(B).

Finally, the Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259(b)(2)(b), which dictates mandatory restitution of no less than $3,000.00 for victims of child exploitation.

With respect to restitution, the plea agreement provides the following, in part, in paragraph 16:

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the Defendant agrees to make full restitution to all minor victims of his

offenses as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the Defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.  The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution.

As such, the Government has compiled restitution requests and supporting documentation for the identified victims in this case and has communicated with the Defendant regarding same. The parties have come to an agreement regarding restitution, which is outlined below.  Further information regarding the addresses and any payment instructions will be provided via a chart prepared by the Government for the Courtroom Deputy, which will be sent in advance of the sentencing hearing.

- "Angela"- $5,000
- 8 Kid Series- $3,000 per child (total $15,000)
- At School Series- $5,000
- BluePillow1 Series- $5,000
- Choral Band Series- $5,000
- Cinderblock Blue- $3,000
- Jan_Socks Series- $5,000 each for Jan_Socks 1 through 4 (total $20,000)
- Jenny Series- $3,000
- Jessica Series- $3,000
- Lighthouse1 Series- $5,000
- Lighthouse3 Series-$3,000
- Marineland1 Series- $3,000
- Middle Model Sister Series- $3,000
- Misty Series- $3,000
- MotorCouch1 Series- $3,000
- PinkHeartSisters2 Series- $3,000 each ($6,000 total)
- RapJerseys Series- $5,000
- Sweet Pink Sugar Series- $5,000
- Surfer Hair Series- $5,000
- Sweet Purple Sugar Series-$5,000
- BluesPink1 Series- $3,000

- Sweet White Sugar-$5,000
- Vicky Series- $5,000
- Best Necklace Series- $5,000

Thus, the total amount of restitution requested and agreed upon by the parties is $128,000; recipient addresses will be forthcoming to the Courtroom Deputy.

### III. Conclusion

For the reasons set forth above, the government respectfully submits that 84 months incarceration and a lifetime of supervised release is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Very truly yours,

Erek L. Barron
United States Attorney

/s/
Mary W. Setzer
Assistant United States Attorney